**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES BONNER,<br><br>Plaintiff,<br><br>v.<br><br>WEST PENN TOWNSHIP,<br><br>Defendant. | No.: 3:26-cv—01946-MEM<br><br>JURY TRIAL DEMANDED |

**DEFENDANT WEST PENN TOWNSHIP'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, West Penn Township (the "Township"), by and through its counsel, Siana Law, LLP, hereby answers Plaintiff's Amended Complaint (ECF #10) and sets forth Affirmative Defenses as follows:

## I. INTRODUCTION

1. Admitted only that Plaintiff asserted claims against the Township. The merits of the claims are denied.

## II. PARTIES

2. Admitted upon information and belief.

3. Admitted.

## III. JURISDICTION

4. Denied. The allegations set forth in paragraph 4 constitute conclusions of law to which no response is required. By way of further response, West Penn Township currently employs twelve (12) full-time and five (5) part-time individuals.

5. Admitted only to the extent that the definition of employer within the PHRA speaks for itself.

6. Admitted as to jurisdiction only. The merits of Plaintiff's claims are denied.

7. Admitted as to venue only. The merits of Plaintiff's claims are denied.

8. Admitted as to jurisdiction only. The merits of Plaintiff's claims are denied.

9. Admitted. By way of further response, the April 28, 2026 letter speaks for itself.

## IV. FACTUAL BACKGROUND

10. Denied as stated. Plaintiff was employed as a part-time police officer for the Township beginning in 2016 until June 1, 2021, when he was hired as a full-time police officer. He was subsequently appointed Officer-in-Charge. In October of 2021, he began his employment as Chief of Police for the Township. In his role as Chief of Police, Plaintiff was a contract employee.

11. Admitted.

12. Denied. The employment contract is a written document which speaks for itself and any characterization thereof is denied.

13. Admitted. By way of further response, Carla Fritz's employment was terminated as a result of the elimination of her position by the Township.

14. Admitted only that Carla Fritz filed a lawsuit asserting claims against the Township, including but not limited to the ADA. The merits of those claims are denied.

15. Admitted.

16. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff asked his wife to do; therefore, this averment is denied.

17. Admitted in part. Denied in part. It is admitted only that Bonner was placed on paid administrative leave on September 4, 2024. All other averments are denied.

18. Denied as stated. Plaintiff expressed to Supervisor Prudenti that other employees allowed their spouses and family members into the office often and that the Township was making a big deal out of small issue. (Although Plaintiff stated this, the substance of the statement is denied). The Township is unaware of any unauthorized individuals being permitted access to the police department. During the initial investigation of Plaintiff's conduct, Supervisor Prudenti stated that

Plaintiff's wife was suing the Township, but only to indicate that a person suing the Township should not be granted unfettered access to secured areas of the Township building.

19. Denied as stated. Upon information and belief, while spouses and relatives of Township employees have at times been permitted into the Township building, they were never permitted in secured areas of the Police Department without being accompanied and supervised by Township personnel. Plaintiff's conduct was different, since he enabled Fritz to enter secured areas of the Township Police Department building unaccompanied and unsupervised, which is in violation of applicable federal and state security standards.

20. Denied as stated. As Chief of the Police Department, Plaintiff was aware that he was not permitted to allow a non-Township employee into secure areas of the Police Department building without supervision. He admitted to his misconduct upon questioning by the Township Supervisors.

21. Admitted in part. Denied in part. It is admitted only that Supervisor Prudenti mentioned that Fritz was suing the Township, to express that a person suing the Township should not be granted unfettered access to secured areas of the Township building. The remainder of the allegation is denied. By way of further response, following the termination of Plaintiff's wife, Supervisor Prudenti advised Plaintiff that filing a lawsuit against the Township was an option available to Fritz,

but did not positively recommend that she do this.

22. Denied as stated. It is admitted only that following Fritz's lawsuit, Supervisor Prudenti told Plaintiff to relax and that a new supervisor was going to be elected in the coming year, and that the change in composition of the Board might lead to Fritz's termination being reconsidered. Supervisor Prudenti provided no assurance that the Township would rehire Fritz.

23. Admitted.

24. Admitted.

**COUNT I**
**UNLAWFUL ADA/PHRA RETALIATION**

25. Denied. Defendant incorporates by reference its responses to Paragraphs 1-24 as if the same were set forth herein at length.

26. Admitted.

27. Denied. Bonner's job performance was not always satisfactory. He permitted a former Township employee to have access to secured areas of the Township Police Building, which constituted a significant breach of security and procedure. Additional issues with Bonner's performance included, but are not limited to, his mismanagement of the Police Department budget and an occasion where he left fully loaded weapons unsecured in his vehicle while out on lunch.

28. Denied. By way of further response, Bonner was terminated for

permitting a former Township employee to have access to the Township Police Building, which constituted a significant breach of security and procedure.

29. Denied. By way of further response, see the response to Paragraph 28 above.

30. Denied. By way of further response, see the response to Paragraph 28 above.

31. Denied. By way of further response, the Chief is responsible for enforcing rules in the Police Department building, and thus responsibility for any failure to discipline other employees for engaging in the same conduct lies with him. The Township is not aware of any other employees who engaged in the same conduct as Plaintiff, who permitted a non-Township employee into secured areas of the Police Department building without supervision.

32. Denied as stated. It is admitted that Supervisor Prudenti stated that Plaintiff's wife was suing the Township, but only to express that an individual suing the Township should not be granted unfettered access to secured areas of the Township building or permitted to remove items from the building.

**WHEREFORE,** Defendant, West Penn Township, demands judgment in its favor and against Plaintiff, along with costs, attorney's fees, and any other such relief that this Court deems just and appropriate.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**

33. Denied. Defendant incorporates by reference its responses to paragraphs 1-32 as if the same were set forth herein at length.

34. Denied.

35. Denied.

**WHEREFORE,** Defendant, West Penn Township, demands judgment in its favor and against Plaintiff, along with costs, attorney's fees, and any other such relief that this Court deems just and appropriate.

**COUNT III**
**BREACH OF CONTRACT**

36. Denied. Defendant incorporates by reference its responses to paragraphs 1- 35 as if the same were set forth herein at length.

37. Admitted.

38. Denied. The employment contract is a written document which speaks for itself and any characterization thereof is denied.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted in part. Denied in part. It is admitted only that Plaintiff accepted the contract. The remainder of the allegation is denied.

43. Denied. By way of further response, the Township had just cause to terminate Plaintiff's employment where Plaintiff admitted to committing misconduct (i.e., his permitting Fritz to enter the Township Police Department building unaccompanied).

44. Denied.

**WHEREFORE,** Defendant, West Penn Township, demands judgment in its favor and against Plaintiff, along with costs, attorney's fees, and any other such relief that this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against West Penn Township upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

West Penn Township is not an "employer" as defined by the Americans with Disabilities Act. See 42 U.S.C. § 12111(5)(A).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was terminated for legitimate, non-discriminatory, and non-retaliatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

All pertinent conduct and action taken by West Penn Township was done in accordance with all established and existing laws, rules, regulations, statutes, and Constitutions of the United States and the Commonwealth of Pennsylvania.

### FIFTH AFFIRMATIVE DEFENSE

At all times material hereto, the Township's actions did not violate Plaintiff's rights under the Americans with Disabilities Act or the Pennsylvania Human Relations Act, nor did its actions constitute retaliation under the Americans with Disabilities Act or the Pennsylvania Human Relations Act.

## SIXTH AFFIRMATIVE DEFENSE

No act, action, or omission of the Township was the proximate cause or legal cause of any damage allegedly sustained by Plaintiff and this constitutes a compete defense to the within causes of action.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages as alleged, then such damages were not caused by any violations of Plaintiff's rights under any applicable laws of the United States, the United States Constitution, or the State of Pennsylvania.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any recoverable damages pursuant to the ADA or Pennsylvania law.

## NINTH AFFIRMATIVE DEFENSE

Any actions taken by the Township relating to Plaintiff's employment were due to independent and legitimate reasons.

## TENTH AFFIRMATIVE DEFENSE

The Township at all times acted reasonably, prudently, and in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not disciplined or terminated due to any protected conduct of his wife.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff was terminated for allowing a former Township employee access to secured areas of the Township Police Building without supervision, which constitutes a violation of federal CJIS Policy 5.9.1 governing access to secure locations (see Policies 5.9.1.2, 5.9.1.3, 5.9.1.6, and 5.9.1.7) (Criminal Justice Information Services (CJIS) Security Policy, Version 5.9.1 (Oct. 1, 2022) and/or its successor versions (see e.g., Criminal Justice Information Services Policy, Version 5.9.5 (July 9, 2024), Policy 5.9 Physical and Environmental Protection and subsections PE-2, PE-3. PE-6, and PE-8, and Criminal Justice Policy Version 6.0 (Dec. 27, 2024), Physical and Environmental Protection and subsections PE-2, PE-3, PE-6, and PE-8); CLEAN regulations (Commonwealth Law Enforcement Assistance Network Administrative Regulations Version 4.7 (Feb. 2011); and 18 Pa.C.S.A. §9101 et seq. and potential civil and criminal violations of 18 Pa.C.S.A. §9101 et seq.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Township did not place "substantial negative reliance" upon the protected conduct of Plaintiff's wife in making its decision to terminate him. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135 (3d Cir. 2004).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim for breach of contract.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Township did not breach its contract with Plaintiff because it terminated the Plaintiff with just cause.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from claiming the Township terminated him without just cause when he admitted to misconduct as his *Loudermill* hearing.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff materially breached his contract with the Township prior to his termination by the Township, relieving the Township of its duty of performance.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to satisfactorily perform his duties to the Township pursuant to his contract with the Township.

**SIANA LAW**

By: *__/s/ Demetrios S. Mikelis__*

Eric M. Brown, Esquire, I.D. #204551
Demetrios S. Mikelis, Esquire, I.D. #331964
Attorneys for Defendant
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES BONNER, | : | |
| Plaintiff, | : | No.: 3:26-cv—01946-MEM |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| WEST PENN TOWNSHIP, | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this date a true and correct copy of *Defendant West Penn Township's Answer to Plaintiff's Amended Complaint with Affirmative Defenses* was served via ECF as follows:

Gerald J. Hanchulak, Esquire
345 Wyoming Ave, Suite 205
Scranton, PA 18503

**SIANA LAW**

Date: October 2, 2026

By: */s/ Demetrios S. Mikelis*
Eric M. Brown, Esquire, I.D. #204551
Demetrios S. Mikelis, Esquire, I.D. #331964
Attorneys for Defendant
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425